IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA

v.

JOHN B. ALWOOD,

    Defendant.

Criminal Action No. 17-79-LPS

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, David C. Weiss, Acting United States Attorney for the District of Delaware, and Graham L. Robinson, Assistant United States Attorney for the District of Delaware, and the defendant, John B. Alwood, by and through his attorney, John Deckers, Esquire, the following agreement is hereby entered into by the respective parties in accordance with Federal Rule of Criminal Procedure 11:

1. The defendant shall plead guilty to Count One of the Information, charging him with Accessing with Intent to View Child Pornography of a Minor Under 12 years of Age, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) & (b)(2), and 2256(2)(A) & 8(A), which carries a maximum penalty of 20 years of imprisonment, a $250,000 fine, or both; full restitution for all identified victims; a mandatory minimum term of five (5) years up to a lifetime of supervised release; and a special assessment of $100.

2. The defendant understands that if there were a trial with regard to Count One of the Information, the United States would have to prove the following elements beyond a reasonable doubt:

> (1) the defendant knowingly accessed with intent to view any matter that contained child pornography, as defined in Title 18, United States Code, Sections 2256(2)(A) & 8(A);
>
> (2) such child pornography had been transported in interstate or foreign commerce by any means, including by computer, and/or such child pornography had been produced using

1

materials that had been mailed or shipped or transported in interstate or foreign commerce by any means, including by computer;

(3) the defendant knew that such items constituted child pornography which involved a prepubescent minor or a minor who had not attained 12 years of age; and

(4) the image(s) of child pornography involved a prepubescent minor or a minor who had not attained 12 years of age.

The defendant knowingly, voluntarily, and intelligently admits his guilt to each of the above-described elements of Count One of the Information.

3. The defendant is pleading guilty to the charge contained in Count One of the Information because he is, in fact, guilty.

4. Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agree and request that the Court impose a sentence of imprisonment between 37 to 46 months as "the appropriate disposition of th[is] case." Accordingly, should the Court accept this Memorandum of Plea Agreement, the parties requested sentencing range shall be binding on the Court. See Fed. R. Crim. P. 11(c)(1)(C).

5. Provided that the United States does not subsequently learn of conduct by the Defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the Defendant's timely guilty plea, it will not oppose a three-level reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(a) and (b). Again, however, should the Court accept this Memorandum of Plea Agreement, the parties requested sentencing range of 37 to 46 months shall be binding on the Court.

6. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate, consistent with the limitations outlined in paragraph 4 of this Memorandum, and to defend the rulings of the District Court at any subsequent proceeding.

7.  The Defendant understands that the District Court must consider the United States Sentencing Guidelines, and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. The Defendant further understands that the ultimate determination of his sentence, within the requested sentencing range set forth in paragraph 4, will be up to the sentencing judge. The Defendant expressly acknowledges that if the Court imposes a sentence consistent with this Memorandum of Plea Agreement, but different than the Defendant expected, or contrary to the recommendation of his attorney, the Defendant will not be allowed to withdraw his guilty plea on that basis.

8.  The defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal, any collateral attack, or any other writ or motion after sentencing – including, but not limited to, an appeal under Title 18, United States Code, Section 3742 or Title 28, United States Code, Section 1291, or a motion under Title 28, United States Code, Section 2255. Notwithstanding the foregoing, the defendant reserves his right (1) to file an appeal or other collateral motion on the grounds that he received ineffective assistance of counsel; and (2) to appeal his sentence if: (a) the United States appeals from the sentence; (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code; or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

9.  The defendant agrees to forfeit all interests in any and all property involved in the offense charged in the Information, including the following items seized on or about July 19, 2017:

    - HP Pavilion 500-281, SN MXX4411JZP
    - Cisco wireless broadband router, SN CSV01JZC9713
    - iPhone, SN DNQSQ2XPHG7F
    - 16 GB San Disk thumb drive
    - Dell desktop computer, model D090, SN D8VST2

The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the District Court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted. Pursuant to Rule 32.2(b)(3), the defendant will promptly consent to the preliminary order of forfeiture becoming final as to the defendant before sentencing if requested by the United States to do so.

10. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, and/or property involved in illegal conduct giving rise to forfeiture.

11. The defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release, pursuant to Title 18, United States Code, Section 3583(d). The defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The defendant understands that he shall keep

4

his registration current and shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. The defendant shall comply with requirements to periodically verify in person his sex offender registration information. The defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Delaware following release from prison, the defendant will be subject to the registration requirements of the State of Delaware. The defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

12. As a condition of supervised release, the defendant shall initially register with the state sex offender registration agency in Delaware, and shall also register with the state sex offender registration agency in any state where the defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. The defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

13. The defendant acknowledges that the possession and dissemination of child pornography causes further harm to the children depicted in those images. See Paroline v. United States, 134 S.Ct. 1710 (2014); and see New York v. Ferber, 458 U.S. 747 (1982). Thus, the defendant acknowledges that the minors depicted in the images he possessed were harmed as a result of his own criminal conduct. The defendant understands that: (1) pursuant to Title 18, United States Code, Section 2259, the Court is required to order restitution for the full amount of all identified victims' compensable losses as may be proved by the United States by a preponderance of

the evidence or stipulated to by the parties; (2) the Court may not decline to award restitution because of the defendant's economic circumstances or the fact that the victims have, or are entitled to receive, compensation for their injuries from the proceeds of insurance or any other source; and (3) an unanticipated amount of a restitution order will not serve as grounds to withdraw defendant's guilty plea. The defendant agrees to comply with any and all restitution ordered by the Court at the time of sentencing.

14. The defendant agrees to pay the $100 special assessment on the day of sentencing. If the defendant is incarcerated as part of his sentence, and if the defendant has unpaid special assessment, fine, or restitution obligations when the defendant begins his period of incarceration, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt owed.

15. This Memorandum expressly incorporates Attachment A, which is attached hereto and filed under seal. The United States routinely files such an attachment, even though it may or may not contain additional terms. To the extent, however, that Attachment A contains additional terms, the parties acknowledge and agree to be bound by those terms.

\* \* \* \* \*

16. It is further agreed by the undersigned parties that this Memorandum – together with sealed Attachment A – supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

_____
John Deckers, Esquire
Attorney for Defendant

_____
John B. Alwood
Defendant

DAVID C. WEISS
Acting United States Attorney

By: _____
Graham L. Robinson
Assistant United States Attorney

Dated: December 18, 2017

**AND NOW**, this 18th day of December, 2017, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

_____
LEONARD P. STARK, CHIEF JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE