IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 17-79-LPS |
| JOHN B. ALWOOD, | : | |
| Defendant. | : | |

## MOTION OF THE UNITED STATES
## FOR A PRELIMINARY ORDER OF FORFEITURE

Now comes the United States of America, by and through David C. Weiss, Acting United States Attorney for the District of Delaware, and Graham L. Robinson, Assistant United States Attorney for the District of Delaware, and respectfully submits its Motion for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth below. A proposed order is submitted with this motion.

1. On November 13, 2017, the defendant was charged by a one-count Information, charging him with Intent to View Child Pornography of a Minor Under 12 years of Age, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), and 2256(2)(A) and 8(A). The Information also advised the defendant that, upon conviction, would be required to forfeit, pursuant to Title 18, United States Code, Sections 2253, any and all matter that contains visual depictions of prepubescent minors and minors who had not attainted 12 years of age engaged in sexually explicit conduct, that are produced, transported, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110; any property constituting or derived from any proceeds obtained directly or indirectly as a result of the aforementioned violation; and any

and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation, including, but not limited to the following:

    a.    HP Pavilion 500-281, SN MXX4411JZP;
    b.    Cisco wireless broadband router, SN CSV01JZC9713;
    c.    iPhone, SN DNQSQ2XPHG7F;
    d.    16 GB San Disk thumb drive; and
    e.    Dell desktop computer, model D090, SN D8VST2.
        (collectively, the "Subject Property").

2. On December 18, 2017, defendant John B. Alwood entered a plea of guilty to Count One of the Information. Pursuant to the Memorandum of Plea Agreement, the defendant agreed to forfeit to the United States the property described in Paragraph 1 above.

3. Rule 32.2 (b)(1), (b)(2), and (b)(3), Federal Rules of Criminal Procedure, provide that:

(1) As soon as practicable after entering a guilty verdict or accepting a plea of guilty or *nolo contendere* on any count in an indictment or information with regard to which criminal forfeiture is sought, the court shall determine what property is subject to forfeiture under the applicable statute. If forfeiture of specific property is sought, the court shall determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment against the defendant, the court shall determine the amount of money that the defendant will be ordered to pay. The court's determination may be based on evidence already in the record, including any written plea agreement or, if the forfeiture is contested, on evidence or information presented by the parties at a hearing after the verdict or finding of guilt.

(2) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment or directing the forfeiture of specific property without regard to any third party's interest in all or part of it. Determining whether a third party has such an interest shall be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(3) The entry of a preliminary order of forfeiture authorizes the United States Marshal Service (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence

proceedings that comply with any statutes governing third-party rights. At sentencing - or at any time before sentencing if the defendant consents - the order of forfeiture becomes final as to the defendant and shall be made part of the sentence and included in the judgment. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

4. To obtain an order of forfeiture pursuant to Rule 32.2(b), the Government must establish the required nexus between the property and the offense(s) of conviction by a preponderance of the evidence. *See generally United States v. Plaskett*, 355 F. App'x. 639, 644 (3d Cir. 2009).

5. Based upon the evidence set forth in the plea agreement, as well as on the record during the defendant's Rule 11 change of plea hearing, the United States has established the requisite nexus between the Subject Property and the offense to which the defendant has pleaded guilty.

6. Accordingly, this Motion seeks forfeiture of the Subject Property, pursuant to Title 18, United States Code, Section 2253.

7. Upon the issuance of a Preliminary Order of Forfeiture, the United States will publish notice of the Order on the Government's official Internet website, www.forfeiture.gov, and will send direct notice to any person, other than the defendant, having or claiming a legal interest in the property, advising such person of his or her right to file a petition contesting the forfeiture in accordance with 21 United States Code, Section 853(n) and Rule 32.2(c). This notice will state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

8. In accordance with the provisions of Title 18, United States Code, Section 2253 and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it be permitted to seize the specific property subject to forfeiture whether held by the defendant or a third party, and to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in Paragraph 1 of this motion and order the Attorney General (or a designee) to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

DAVID C. WEISS
Acting United States Attorney

By: _____
Graham L. Robinson
Assistant United States Attorney

Dated: 1/10/18

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | |
| v. | : | **Criminal Action No. 17-79-LPS** |
| **JOHN B. ALWOOD,** | : | |
| **Defendant.** | : | |

## **PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count One of the Information, for which the Government sought forfeiture pursuant to Title 18, United States Code, Section 2253, defendant shall forfeit to the United States any and all matter that contains visual depictions of prepubescent minors and minors who had not attainted 12 years of age engaged in sexually explicit conduct, that are produced, transported, shipped, received, or possessed in violation of Title 18, United States Code, Chapter 110; any property constituting or derived from any proceeds obtained directly or indirectly as a result of the aforementioned violation; and any and all property used or intended to be used in any manner or part to commit and to promote the commission of the aforementioned violation.

2. The Court has determined, based on the evidence set forth in the plea agreement, as well as on the record during the defendant's Rule 11 change of plea hearing, that the following property is subject to forfeiture pursuant to Title 18, United States Code, Section 2253, and that the government has established the requisite nexus between such property and such offense:

  a. HP Pavilion 500-281, SN MXX4411JZP;
  b. Cisco wireless broadband router, SN CSV01JZC9713;
  c. iPhone, SN DNQSQ2XPHG7F;
  d. 16 GB San Disk thumb drive; and
  e. Dell desktop computer, model D090, SN D8VST2.
  (collectively, the "Subject Property").

3. Upon entry of this Order, the Attorney General (or a designee) is authorized to seize the property subject to forfeiture, whether held by the defendant or by a third party, and to conduct any discovery proper in identifying, locating or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the property. No such notice is required to the extent that this Order consists solely of a money judgment against the defendant. Rule 32.2(c)(1).

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing, or before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment. If no third party

files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2) for the filing of third party petitions.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Dated: _____          SO ORDERED:

                                  _____
                                  HONORABLE LEONARD P. STARK
                                  CHIEF UNITED STATES DISTRICT JUDGE